UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUA VUE, individually and as successor in interest to VONG YANG,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF YUBA, et al.,<br><br>Defendants. | No. 2:21-cv-02222-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Youa Vue's ("Plaintiff") Motion to Modify the Scheduling Order and for Leave to Amend the Complaint. (ECF No. 20.) Defendants County of Yuba, Sheriff Wendell Anderson, and Captain Allan Garza (collectively, "Defendants") filed an opposition. (ECF No. 22.) Plaintiff filed a reply. (ECF No. 24.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from the arrest and subsequent death of Vong Yang ("Yang"). (ECF No. 1.) Yang suffered from kidney failure and received necessary dialysis treatment three times a week. (*Id.* at 15.) In the morning on February 26, 2021, officers from the Yuba County Sheriff's Department (listed in the Complaint as Does 1–5) arrested Yang based on suspicion that he was under the influence of a controlled substance. (*Id.* at 16.) Yang's arrest took place before his dialysis appointment scheduled that day. (*Id.*) Yang told the arresting officers and officers in Yuba County Jail (listed in the Complaint as Does 6–10) that he was on dialysis and had a dialysis appointment. (*Id.*) Defendants ignored Yang's request for dialysis treatment for the 48-hour period he was in custody. (*Id.* at 17.) On the morning of February 28, 2021, Yang was found unresponsive in his cell. (*Id.*) His primary cause of death was kidney failure. (*Id.*)

Plaintiff (Yang's mother and successor-in-interest) filed the operative Complaint on December 2, 2021, alleging state and federal claims. (*Id.* at 5.) The Court issued a Pretrial Scheduling Order that same day. (ECF No. 4.) On March 14, 2022, the parties filed a joint status report proposing new discovery deadlines based on Plaintiff's intention of amending the Complaint as well as the "complexities involved in this specific litigation." (ECF No. 10.) On January 17, 2023, the Court stayed the action to allow the parties to attend mediation. (ECF No. 17.) The mediation was unsuccessful, and the Court lifted the stay on June 6, 2023. (ECF No. 19.) On June 14, 2023, Plaintiff filed the instant motion to modify the Scheduling Order and amend the Complaint. (ECF No. 20.)

### II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When the Court issues a scheduling order that establishes a timetable to amend the complaint, Federal Rule of Civil Procedure ("Rule") 16 governs any amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the scheduling order. *Id.* The good cause standard primarily considers the diligence of the party

2

1   seeking the amendment. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

2   "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a

3   grant of relief." *Id.*  The focus of the inquiry is on the reasons why the moving party seeks to

4   modify the complaint. *Id.*  If the moving party was not diligent, then good cause cannot be

5   shown, and the inquiry should end. *Id.*

6   Even if the good cause standard is met under Rule 16, the Court has the discretion to

7   refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d

8   at 610.  Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's

9   written consent or the court's leave," and the "court should freely give leave when justice so

10  requires."  The Ninth Circuit has considered five factors in determining whether leave to amend

11  should be given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of

12  amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States*

13  *Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted).

14  **III.    ANALYSIS**

15  A.    Rule 16

16  Because the Scheduling Order's deadline for filing an amended complaint has passed,

17  Plaintiff must first satisfy Rule 16.  (ECF No. 4 at 2)

18  Defendants argue Plaintiff was not diligent in seeking to add new named defendants to

19  this action.  (ECF No. 22 at 4.)  According to Defendants, Plaintiff knew of the existence of the

20  proposed defendants and their involvement in the events at issue as early as March 29, 2022,

21  when Defendants made their initial disclosures, or at the latest June 16, 2022, when the County

22  identified the proposed defendants in its responses to Plaintiff's special interrogatories.  (*Id.*)

23  Defendants also argue the parties met and conferred regarding the possibility of amendment to

24  add those parties in July and August of 2022, yet Plaintiff took no affirmative steps to seek leave

25  to amend the Complaint for five months leading up to the Court's stay of this matter.  (*Id.* at 5.)

26  Despite Defendants' arguments, the Court concludes Plaintiff made a sufficient showing

27  of diligence.  There has been confusion about deadlines in this case.  Although the parties

28  proposed new deadlines in their March 2022 joint status report, the Court did not adopt those

deadlines in the absence of a formal stipulation and proposed order.  Plaintiff apparently proceeded under the assumption that the parties' proposed deadlines were operative, at least up to the point when the parties sought a stay of the action pending mediation.  It is clear from the March 2022 joint status report and the stipulation regarding the stay that the parties contemplated Plaintiff would seek leave to amend the Complaint.  (ECF No. 10; ECF No. 16.)  While the Court agrees with Defendants that Plaintiff could have sought leave to amend sooner, Plaintiff represents that ongoing discovery from as late as November 2022 as well as meet and confer efforts delayed her filing a motion for leave to amend.  (ECF No. 20 at 17–18; ECF No. 24 at 7–8.)  For these reasons, the Court cannot say Plaintiff was careless, especially considering the confusion surrounding the operative deadlines in this case.

Accordingly, Plaintiff has satisfied Rule 16's good cause standard.

B. Rule 15

The Court now turns to whether Plaintiff's motion is proper under Rule 15.  Defendants argue the Court should deny Plaintiff's motion based on undue delay and prejudice.  (ECF No. 22 at 6–7.)  The Court will address each factor in turn.

i. *Undue Delay*

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).  Even if Plaintiff's delay was unreasonable, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  However, as already discussed in the context of Rule 16, Plaintiff's delay was reasonable under the circumstances.

Therefore, this factor weighs in favor of granting leave to amend.

ii. *Prejudice*

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants argue they already disclosed their expert witnesses pursuant to the deadline set forth in the Court's Scheduling Order and thus it would be prejudicial to allow Plaintiff to add

4

new defendants and conduct discovery after Plaintiff already knows what Defendants' experts will say. (ECF No. 22 at 7.)

The Court concludes any prejudice to Defendants will be minimal. At the outset, Defendants' arguments are conclusory and not tied to any authority. Further, this case is still in the early stages, and there is no trial date set. Although reopening of discovery will invariably cause some prejudice to Defendants in terms of time and expense, Defendants fail to convince the Court that such prejudice outweighs all the other factors that support granting leave to amend.

In sum, there is no undue delay, prejudice to Defendants is minimal, there is no evidence of bad faith or futility, and there have been no prior amendments. Therefore, the Court finds the relevant factors weigh in favor of granting leave to amend. These same factors also weigh in favor of reopening discovery. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017); *see Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011) (District courts have "broad discretion to manage discovery and to control the course of litigation under [Rule] 16.").

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Modify the Scheduling Order and for Leave to Amend the Complaint. (ECF No. 20.) Plaintiff shall file the amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file their responsive pleading not later than twenty-one (21) after the filing of the amended complaint. Absent a stipulation from the parties, discovery is hereby extended to 180 days from the date the last answer is filed. All other dates will follow accordingly as set forth in the Court's Pretrial Scheduling Order. (ECF No. 4.)

IT IS SO ORDERED.

Date: November 30, 2023

Troy L. Nunley
United States District Judge